AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA

Malcolm J. Straughter
*Petitioner*

v.

Case No. 5:22-cv-424-KKM-PRL
*(Supplied by Clerk of Court)*

Warden, FCC Coleman Low
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Malcolm Jamal Straughter
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: FCC Coleman Low
   (b) Address: P.O. Box 1031
   Coleman, FL 33521-1031
   (c) Your identification number: 73615-018
3. Are you currently being held on orders by:
   ☑ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: United States District Court, Middle District of Florida
   (b) Docket number of criminal case: 5:20-cr-23-Oc-28 PRL
   (c) Date of sentencing: Oct. 2020
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Federal Bureau of Prisons

   (b) Docket number, case number, or opinion number: NA
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Unlawful withholding of application of First Step Act time credits

   (d) Date of the decision or action: Ongoing

   **Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☑ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:

       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised:




   (b) If you answered "No," explain why you did not appeal:
   Remedy is not available or is inadequate. See supporting memorandum.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:

        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
❏ Yes          ❏ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:

        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
❏ Yes          ☒ No
If "Yes," answer the following:
    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
        ❏ Yes          ❏ No

If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court:
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes          ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Bureau of Prisons is withholding Straughter's First Step Act time credits in violation of the Administrative Procedures Act.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See continuation page

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes        ☒ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes        ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes        ☐ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes            ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Appeal process is incapable of providing relief. See attached supporting memorandum.

## Request for Relief

15. State exactly what you want the court to do: Order the Bureau of Prisons to properly calculate and apply Straughter's First Step Act time credits.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

9/20/22

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 9/20/22

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

TRULINCS 73615018 - STRAUGHTER, MALCOLM JEROME - Unit: COL-B-A

---

FROM: 73615018
TO: Unicor LOW
SUBJECT: ***Request to Staff*** STRAUGHTER, MALCOLM, Reg# 73615018, COL-B-A
DATE: 09/20/2022 08:57:45 AM

To: USDC
Inmate Work Assignment: na

CONTINUATION PAGE

Ground One: The Bureau of Prisons is withholding Straughter's First Step Act credits in violation of the Administrative Procedures Act

Supporting Facts:

As a federal agency created by statute, the Bureau of Prisons (BOP) is responsible for fully complying with all applicable statues and only the actions authorized to it by Congress. With respect to the First Step Act (FSA), the BOP has failed to do so by totally failing to award Straughter any and all his time credits due.

The actions the BOP has taken in violation of the FSA against Straughter includes:

- arbitrarily and capriciously determining Straughter's credits should not be awarded for completion of recidivism reduction programs and productive activities;

- exceeding its statutory authority, which Congress has established is to only award and apply FSA time credits for inmate participation in productive activities and recidivism reduction programming.

The BOP has harmed Straughter in not timely awarding him his earned FSA time credits as it was required to do by statute, and has made agency decisions that have considered factors that Congress did not authorize in its decision to deprive Straughter of the time credits he is entitled to. This court should enjoin the agency to properly apply the FSA time credits to Straughter's sentence and pre-release custody forthwith.

TRULINCS 73615018 - STRAUGHTER, MALCOLM JEROME - Unit: COL-B-A

----------------------------------------------------------------------------------------------------

FROM: 73615018
TO: Unicor LOW
SUBJECT: ***Request to Staff*** STRAUGHTER, MALCOLM, Reg# 73615018, COL-B-A
DATE: 09/20/2022 08:52:10 AM

To: USDC
Inmate Work Assignment: NA

SUPPORTING MEMORANDUM

Straughter provides these additional legal arguments in support of his 28 U.S.C. Section 2241 motion.

I. Administrative Exhaustion Futile

While Section 2241 generally requires petitioners to complete the administrative appeal process before proceeding to court, "a court may waive the exhaustion requirement when administrative remedies are effectively unavailable or obviously futile." United States v. Ullings, 2020 U.S. Dist. 83104 at *2 (N.D. Ga. 2020). An administrative remedy is unavailable if it cannot capably be used to obtain some relief. Ross v. Blake, 136 S. Ct. 1850, 1859 (2016); Boz v. United States, 248 F.3d 1290, 1300 (11th Cir. 2001)("a petitioner need not engage his administrative remedies where the administrative remedy will not provide some relief commensurate with his claims."). The BOP's administrative remedy process cannot provide relief for Straughter, because (1) the automated BOP-wide system used to calculate and apply FSA time credits cannot be changed by lower level staff and is a procedural dead-end; and (2) Straughter is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete the administrative remedy process without extending the length of his incarceration.

With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate and apply FSA time credits. See Attach. "1" (Sep. 7, 2022, BOP FSA Memorandum). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Straughter's current time credit result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992).

As to the latter, Straughter has less than 18 months remaining in his sentence. He requires extended halfway house for up to a year under the Second Chance Act. Based on the productive activities and recidivism reduction programs Straughter has enrolled in, he should have already accrued over a year of earned FSA time credits.

Other district courts have found that the administrative remedy process can easily take 5 months. Tensley v. Outlaw, 2010 U.S. Dist. LEXIS 66738 at *2 (E.D. Ark. 2010). In truth, the volume of prisoners filing administrative remedies because of the BOP's FSA violations will mean this process could take much longer, as the BOP is overloaded with administrative appellate proceedings. In Straughter's situation, he will not be able to time seek relief without losing time he needs in the halfway house and still receive the fully year of FSA sentence reduction.

The BOP's most recent FSA memo and policy was posted on September 7, 2022, Attach. "1". Straughter could not have engaged in administrative remedies earlier, but even if her did now, he would be unable to complete the futile process of challenging a centralized automated agency-wide process until after he has lost time he needs in pre-release custody. The administrative remedy process is thus unable to grant Straughter the relief he seeks. See Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012).

II. BOP has Violated APA

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. Section 702. The BOP has here deprived Straughter of his entitled FSA time credits through violation of statute and exceeding its statutory authority. The BOP has violated the Administrative Procedures Act (APA).

At the threshold, the APA specifically contemplated judicial review of agency relevant grounds in tandem with habeas corpus actions. See 5 U.S.C. Section 703; Wright v. Haynes, 410 Fed. Appx. 262, 264 (11th Cir. 2011). This court is also not prohibited from conducting an APA review of BOP decisions undertaken per 18 U.S.C. Section 229, Subchapter D. See 18 U.S.C. Section 3625 (only restricting APA from agency decisions made per Subchapter C). The APA ground is therefore properly before this court.

The APA requires the court to hold unlawful agency actions, as applicable here, that are arbitrary and capricious or in excess of

TRULINCS 73615018 - STRAUGHTER, MALCOLM JEROME - Unit: COL-B-A
-----------------------------------------------------------------------------------------

its statutory authority granted by Congress. See 5 U.S.C. Section 706(2)(A), (C).

1. Arbitrary and Capricious

An agency action is arbitrary and capricious if its decision relied on factors that Congress had not intended it to consider. Miccosukee Tribe of Indians of Fla. v. United States, 566 F.3d 1257, 1264 (11th Cir. 2009). For example, the FSA did not give the BOP power to consider if declining or "opting out" of a BOP determined program need prevents that award of FSA time credits. See Attach. "1". To the contrary, the law clearly states that the awarding of time credits is entirely predicated on inmate eligibility and whether that inmate has participated in evidence based recidivism reduction programs or productive activities. See 18 U.S.C. Section 3632(d)(4)(A), (C). Indeed, the law states that the BOP shall (as in, must) award these credits. See id. And per its obligations by law, it should do so for Straughter immediately.

2. BOP Active in Excess of its Statutory Authority

Congress intended for the FSA to quite simply be an incentive based program "for prisoners to participate in and complete evidence based recidivism reduction programs ...." 18 U.S.C. Section 3632(d). Further, the law does not give the BOP any power to determine whether it may choose to grant FSA time credits to low and minimum recidivism risk inmates who complete recidivism reduction programs or productive activities; the BOP simply must. See 18 U.S.C. Section 3632(d)(4)(A), (C).

The Supreme Court recently reiterated that an agency "must point to clear congressional authorization for the power it claims." West Virginia v. EPA, 597 U.S. ___, ___ (slip op. at 19). Congress did not authorize the BOP to develop gate-keeping or dilatory measures to award FSA time credits. The BOP is only authorized to identify the recidivism reduction programs and productive activities with no further distinction, and award and apply all FSA time credits for eligible participating inmates as defined by statute.

The BOP has instead established hurdles and dilatory practices that it has no power to impose towards prisoners receiving FSA time credits, and as a result has failed to grant Straughter the FSA time credits he is entitled to.

This court should find that the BOP is in violation of the APA, and enjoin the BOP to properly apply the law to Straughter with respect to the proper calculation and application of his FSA time credits.

Attachment "I"

Inmate Message – Federal Time Credits (FTC)
Auto-Calculation Launches

Recently, the Bureau has launched the Federal Time Credits (FTCs) auto-calculation application. All eligible inmates will be reviewed regardless of PATTERN risk level release date, and credits will be applied consistent with the final rules language and implementing text.

As a reminder, the unit team will determine an inmate's eligibility to earn FTCs based on the current conviction and prior criminal convictions.

The earning of FTCs is based on "earning status," and NOT participation and/or completion of individual programs. **Inmates who refuse or fail to complete any portion of the needs assessment and/or refuse or decline any program recommended to address as specific identified need area, is considered "opted out" and will not earn FTCs.**

The following items have been incorporated into the calculation of FTCs:

- While inmates can begin earning time credits starting with the enactment of the statute, the "presumed participation" period only extends from December 21, 2018, through January 14, 2020.
- During the "presumed participation" period and through April 28, 2021, the PATTERN risk level calculated on April 28, 2021 (PATTERN auto-calculation start date), will be used to determine the initial risk level and FTC earning rate.
- During the "presumed participation" period, only those days when the inmate was incarcerated outside the facility, housed in the Special Housing Unit, or on refused/declined status for a pre-FSA programming (e.g., FRP, Drug Education, GED, etc.) will be excluded from successful participation and credit will not be earned.
- **From January 15, 2020, forward, all components of the SPARC-13 needs assessment must be complete to be eligible to earn FTCs. Failing to do so is considered "opted out." In other words, if an inmate fails to complete a required survey or declines to enroll in a recommended program which addresses a specific need, the inmate will not be eligible to earn FTCs.**
- In order to earn or apply the higher earning rate of 15 days (for every 30 day period of successful EBRR or PA recommended), inmates need a PATTERN level of minimum or low risk or have dropped to a minimum or low risk level and maintained it for two consecutive assessment periods.

- FTCs are applied first toward release dates and then toward RRC/HC placement.
- Inmates must be otherwise eligible to participate in RRC/HC placement to apply FTCs to early release. While inmates continue to earn FTCs, inmates can only apply the FTCs if they have no detainers, unresolved pending charges, and/or unresolved immigration status issues.
- **Eligible inmates will continue to earn FTCs toward early release until they have accumulated 365 days OR are 18 months from their release date, <u>whichever happens first</u>. At this point, the release date becomes fixed, and all additional FTCs are applied toward RRC/HC placement.**
- FTCs will be updated monthly, and an FSA Time Credits Assessment worksheet will be maintained in the central files. The most current copy will be provided during the regularly schedule Program Review team meeting.
- FTCs earned toward RRC/HC placement will be applied in addition to release needs-based recommendations made under the Second Chance Act.
- FTCs may be applied toward early release in addition to the early release benefit for RDAP graduates; however, inmates are still required to complete the required 120-day RRC/HC placement. Dropping out of RDAP may result in the loss of both the RDAP early release benefit and early release due to FTCs if it is determined the inmate is "opting out" despite having an identified need.