# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MALCOLM J. STRAUGHTER,

    Petitioner,

v.                                         Case No.: 5:22-cv-424-KKM-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.

_____

## ORDER

Malcolm J. Straughter, a federal inmate proceeding *pro se*, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Pet. (Doc. 1). Straughter challenges the Bureau of Prisons's (BOP) calculation of time credits toward his sentence, arguing that the BOP violated the Administrative Procedure Act (APA) and seeking an order directing it to properly calculate and apply his time credits. The Warden of FCC Coleman-Low moves to dismiss the petition for failure to exhaust administrative remedies. MTD (Doc. 6). Straughter replies that "any filing of administrative remedies was futile." Reply to MTD (Doc. 7) at 4. Some courts within this Circuit have concluded that § 2241's exhaustion requirement, as a categorical matter, is not amenable to a futility exception. I decline to adopt that view. But because Straughter has not shown that recognizing such an exception

1

would be an appropriate exercise of my authority under § 2241, I also decline to recognize a futility exception today.

## I.   BACKGROUND

### A.   Petitioner's Case

In 2020, Straughter received a 54-month sentence for possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). *See United States v. Straughter*, Case No. 5:20-cr-23-JA-PRL, Doc. 44 (M.D. Fla. Oct. 26, 2020). Straughter is serving that sentence, with a projected release date of April 9, 2024. *See* Inmate Locator, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2023). Straughter claims a right to time credits under the First Step Act of 2018, Pub. L. No. 115-391, §§ 101–02, 132 Stat. 5194, 5195–5213, and maintains that the BOP's failure to award him those credits violates the APA, Pet. at 6, 9. Determinative here, Straughter concedes that he did not exhaust his administrative remedies, arguing instead that exhaustion would have been futile. *Id.* at 10; Reply to MTD at 4.

The Warden moves to dismiss the Petition without prejudice based on Straughter's failure to exhaust. MTD at 1. In support of his motion, the Warden submits a declaration and certification of records by Kenneth Lee Richardson, an attorney for the Consolidated Legal Center at FCC Coleman. Richardson Aff. (Doc. 6-3). Mr. Richardson avers that "Straughter has not filed any administrative remedies while at FCC Coleman, Low." *Id.* at

2

2. The Warden also offers a SENTRY Administrative Remedy Cover Sheet that reflects Straughter's failure to seek an administrative remedy through the BOP. Admin. Cover Sheet (Doc. 6-2).

In reply, Straughter argues that: (1) the motion to dismiss for failure to exhaust administrative remedies is improper; (2) he is being harmed by not receiving time credits under the Act because he is not receiving the benefits of early release and a halfway house; and (3) the Warden and BOP staff do not adhere to the administrative remedy process. *See generally* Reply to MTD.

### B.     Administrative Exhaustion in the Bureau of Prisons

Calculating earned time credits toward an inmate's sentence is an administrative function, and federal regulations provide prisoners an administrative means to challenge the BOP's computation. *See* 28 C.F.R. §§ 542.10–542.19. The BOP has established an Administrative Remedy Program, which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* § 542.10(a). The program has several tiers, beginning with informal resolution at the inmate's institution. *Id.* § 542.13. Dissatisfied inmates may file a formal complaint with the Warden, and appeal first to the Regional Director and then to the General Counsel. *See id.* §§ 542.14–15. "Appeal to the General Counsel is the final administrative appeal." *Id.* § 542.15(a).

## II.   LEGAL STANDARDS

Under § 2241, a petitioner may challenge "the execution of a sentence, rather than the validity of the sentence itself . . . ." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008). Although exhaustion of administrative remedies in a § 2241 proceeding is not a jurisdictional requirement, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (discussing the Prison Litigation Reform Act's (PLRA) exhaustion requirement).

When a respondent files a pre-answer motion to dismiss a § 2241 petition based on the assertion that a petitioner has failed to exhaust, the Court follows a two-step process in evaluating whether dismissal is warranted.[1] *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) (per curiam) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). The Court considers the inmate's and the respondent's factual

---

[1] Under Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under § 2241. Amendments in 2004 to Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit the filing of a pre-answer motion to dismiss. *See* Rule 5, 28 U.S.C. § 2254, advisory committee's note to 2004 amendment ("Revised Rule 5(a) . . . does not address the practice . . . where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

allegations; if they conflict, the Court assumes as true the inmate's version of the facts. If, under those facts, the inmate failed to exhaust, the petition "must be dismissed." *Blevins*, 819 F. App'x at 856 (quotations omitted). But if the Court concludes that the petition is not subject to dismissal under the inmate's version of the facts, the Court must then "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (quotations omitted). "[A]t that second step, the respondent bears the burden of proving that the inmate has failed to exhaust all available administrative remedies." *Id.*

### III.  ANALYSIS

Straughter acknowledges that he failed to seek relief through the Bureau's Administrative Remedy Program. *See* Pet. At 10. The Warden's corroborating evidence also shows that Straughter never pursued an administrative remedy. Richardson Aff.; Admin. Cover Sheet. Straughter argues that this deficiency should be excused because exhaustion would have been futile. Pet. at 10. In the light of this concession, whether I should recognize a futility exception to § 2241's longstanding exhaustion requirement is a threshold question. Given Straughter's failure to justify recognizing such an exception as an appropriate exercise of my authority under § 2241, it is also the terminal one.

####   A.   Section 2241's Exhaustion Requirement

Unlike other areas of federal law—including the oft-invoked § 2254—§ 2241 does not contain a statutory exhaustion requirement. *Compare* 28 U.S.C. § 2254(b)(1) ("An

application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."), *with id.* § 2241 (lacking a statutory exhaustion requirement); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted."). Still, decades of Eleventh Circuit precedent make clear that a petitioner proceeding under § 2241 must exhaust his administrative remedies. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Santiago-Lugo*, 785 F.3d at 475. For most of that time, exhaustion was understood to be an element of the Court's subject-matter jurisdiction. *See, e.g.*, *Gonzalez*, 959 F.2d at 212. But that changed in *Santiago-Lugo*, when the Eleventh Circuit recognized that "a number of recent Supreme Court decisions since *Gonzalez* have undermined it to the point of abrogation." 785 F.3d at 472. After *Santiago-Lugo*, § 2241's exhaustion requirement is only a claims processing rule, albeit a mandatory one. *Id.* at 475 ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one.").

    **B.    Straughter Fails to Show that Recognizing a Futility Exception to § 2241's Exhaustion Requirement is Appropriate**

The Warden responds to Straughter's invocation of futility by asserting that "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." MTD at 8–9 (quoting *Dobek v. Joseph*, No. 3:22-cv-10614/LAC/MAF, 2022 WL

6

4281017, at *3 (N.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, No. 3:22-cv-10614/LAC/MAF, 2022 WL 4281364 (N.D. Fla. Sept. 14, 2022)). Because the Warden's primary authority on this point relies on the Eleventh Circuit's pre-*Santiago-Lugo* understanding of exhaustion, I reject that authority's categorical bar on a futility exception. That said, because the Eleventh Circuit has not addressed this issue in a published opinion, I am left to reason from first principles as to whether such an exception should be recognized in this context. Upon consideration of general habeas corpus principles, and in the light of Straughter's failure to show that allowing for such an exception would be consistent with the Great Writ's historical scope, I decline to recognize a futility exception to § 2241's exhaustion requirement.

### 1. The Warden's Persuasive Authority Categorically Rejecting a Futility Exception Does Not Survive *Santiago-Lugo*

To begin with, the Warden is correct that there is persuasive authority[2] to support the proposition that § 2241's exhaustion requirement is not subject to a futility exception. *See McGee v. Warden, FDC Miami*, 487 F. App'x 516, 517–18 (11th Cir. 2012) (per curiam); *Fleming v. Warden of FCI Tallahassee*, 631 F. App'x 840, 842–43 (11th Cir. 2015) (per curiam) (affirming dismissal based on petitioner's failure to exhaust after *Santiago-*

---

[2] The Warden separately relies on binding precedent concluding that the PLRA's statutory exhaustion requirement is not amenable to a futility exception. *See* MTD at 8. These decisions are not helpful, however, because § 2241's exhaustion requirement—unlike the PLRA's—is a federal common-law rule.

*Lugo* without discussing futility). But it is an "elemental point" of *binding* Eleventh Circuit law that "a district court shouldn't simply cite to [an unpublished Eleventh Circuit opinion] as the basis for its decision without separately determining that [the unpublished authority] is *persuasive*." *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060–61 (11th Cir. 2022) (emphasis added). And I am not convinced that persuasive authority ruling out a futility exception retains its force after *Santiago-Lugo*'s clarification that exhaustion under § 2241 is non-jurisdictional.

Take *McGee*, which was decided a decade before *Santiago-Lugo* and is expressly premised on the idea that § 2241's exhaustion requirement is a jurisdictional bar. 487 F. App'x at 517–18. There, the Eleventh Circuit directly contrasted § 2241's exhaustion requirement—and its then-jurisdictional status—with exhaustion requirements and futility exceptions recognized in other contexts. *Id.* (citing *Winck v. England*, 327 F.3d 1296 (11th Cir. 2003), *abrogated on other grounds by Santiago-Lugo*, 785 F.3d 467). And although *Fleming* affirmed a dismissal based on the failure to exhaust soon after *Santiago-Lugo*, it is unclear whether a futility argument was ever presented. Indeed, I have been unable to identify a single Eleventh Circuit opinion issued after *Santiago-Lugo* that cites *McGee* or adopts its categorical rule.

Because these decisions have been sapped of whatever persuasive force they once maintained, I elect not to rely on them to bar the possibility of a futility exception.

### 2. Straughter Fails to Show that Recognizing a Futility Exception to § 2241's Exhaustion Requirement Would be Appropriate

Although I disagree with the Warden's contention that a futility exception in this context is barred per se, it remains Straughter's burden to show that recognizing such an exception would be an appropriate exercise of my equitable authority under § 2241. Because he has failed to make any case on this point, much less a compelling one, I decline to recognize a futility exception to § 2241's exhaustion requirement.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" *Brown v. Davenport*, 596 U.S. 118, 132 (2022) (quoting § 2241 and 28 U.S.C. § 2243). "This language . . . serves as 'authorization to adjust the scope of the writ in accordance with equitable and prudential considerations.'" *Id.* (quoting *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008)). Recognizing both this responsibility and the fact that—by the late twentieth-century—habeas had been "recast" as "little more than an ordinary appeal with an extraordinary Latin name," *Edwards v. Vannoy*, 141 S. Ct. 1547, 1568–69 (2021) (Gorsuch, J., concurring), the Supreme Court "began to develop doctrines 'aimed at returning the Great Writ closer to its historic office,'" *Brown*, 596 U.S. at 133 (quoting *Edwards*, 141 S. Ct. at 1570 (Gorsuch, J., concurring)). Among other things, these doctrines give substantial weight to the need to channel claims to the most appropriate forum in the first instance—a primary concern

animating § 2241's administrative exhaustion requirement *See id.* at 133 (describing several of these channeling doctrines); *Santiago-Lugo*, 785 F.3d at 475 (cautioning that § 2241's exhaustion requirement "is still a requirement"); *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998) (reiterating the Eleventh Circuit's "longstanding recognition of the usefulness of exhaustion requirements" and the relevance of "seven policies favoring exhaustion" in determining whether to recognize a common-law futility exception).

Neither Straughter's petition nor his reply demonstrates that recognizing a futility exception in the context of § 2241 would serve these broader ends or move the Great Writ any "closer to its historic office." *Edwards*, 141 S. Ct. at 1570 (Gorsuch, J., concurring). Instead, he offers generalized complaints about the Administrative Remedy Program, persuasive authority from other Circuits, and citations to Eleventh Circuit decisions either recognizing futility exceptions outside the habeas context or discussing the "availability" of administrative relief as a jurisdictional matter pre-*Santiago-Lugo*. *See* Pet. at 10; Reply to MTD at 3–6. Absent a compelling historical argument, none of this justifies recognizing a common-law futility exception to the Eleventh Circuit's longstanding mandatory exhaustion requirement for § 2241 petitions.

## IV. CONCLUSION

Because I decline to recognize a futility exception, Straughter's petition must be dismissed in the light of his concession that he never exhausted his administrative remedies with the BOP.

Accordingly, the following is **ORDERED**:

1. Straughter's petition, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

2. The Clerk is directed to enter **JUDGMENT** stating that this action is dismissed without prejudice because of Straughter's failure to exhaust administrative remedies. The Clerk is also directed to terminate any pending motion and deadline, and to **CLOSE** this case.

**ORDERED** in Ocala, Florida, on October 18, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge